UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL COLTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1203** |
| **STATE OF LOUISIANA<br>DISTRICT ATTORNEY OFFICE** | **SECTION: "B" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit Proposed Findings and Recommendations for disposition pursuant to **28 U.S.C. § 636(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. On May 9, 2006, the undersigned conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff participating by conference telephone call.[2] Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] Rec. Doc. No. 14. The plaintiff was sworn prior to testifying. The cassette tape of the hearing is being forwarded to the custody of the Court Recording Unit along with a copy of this report.

**I.     Factual Summary**

    **A.     The Complaint**

The plaintiff, Michael Colton ("Colton"), filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. §1983 against the State of Louisiana, the Orleans Parish District Attorney's Office, and Orleans Parish challenging his criminal conviction for which he is serving a life sentence.

Colton alleges that he was convicted by a jury on November 12, 1975, for distribution of heroin. He claims that he escaped from prison before he was sentenced and was not apprehended until November 17, 1981. Colton further alleges that he entered a plea of guilty to the same distribution of heroin charge on April 1, 1982, and was sentenced to five years probation. His probation was subsequently revoked on December 9, 1983, and he is now serving a life sentence.

Colton contends that the Orleans Parish District Attorney improperly amended the charging document that led to his conviction. He further alleges that Judge Andrew Bucaro, who is not named as a defendant in this case, violated due process, conspired to allow the prosecution to abuse the process and conceal an incident report showing his innocence, and allowed an uncertified court reporter, Dianne Mascari, to record the criminal proceedings.

He further claims that Mascari, who is also not a named defendant, committed fraud by making false representations. He alleges that she failed to transcribe his January 15, 1982, hearing at which his motion for new trial was supposedly heard. Without a transcript, he cannot present the issue for review in a higher court.

In the complaint, Colton seeks unspecified relief from the court as a result of his allegations against these parties.

### B. The *Spears* Hearing

Colton testified that the court reporter, Mascari, cannot be located so that he can get a copy of the transcript of January 15, 1982. He believes that she is not licensed or bonded so no one can help him locate her. He also stated that he was represented by counsel at the hearing on January 15, 1982. He testified that he recalled being there for a motion to arrest judgment. However, the minutes reflect that the state trial court granted a motion for new trial on the original indictment.

Colton further testified that, while he was at large after being convicted on the distribution of heroin charge, the State indicted him again. The second indictment was later quashed. On April 1, 1982, he entered a plea of guilty rather than go back to trial. However, he stated that he wants a copy of the January 15, 1982 hearing transcript so he can determine what happened and to see if he later entered the guilty plea to the quashed indictment.

He testified that he filed a request for production of the January 15, 1982 transcript and other transcripts in the state trial court but it has not been answered. Colton concedes that he has not pursued his claims through the state appellate courts.

### II. Standard of Review for Frivolousness

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.    Analysis**

    **A.    The *Heck* Doctrine**

Colton alleges that the defendants have acted to deny him due process in his efforts to seek post conviction relief from his conviction for distribution of heroin and his current life sentence. His claims are however barred from review at this time.

Before a plaintiff may proceed under § 1983 on claims challenging a criminal conviction or proceeding, he must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), *cert. denied*, 516 U.S. 851 (1995); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994).

In *Heck*, the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or his present confinement. This limitation on a § 1983 plaintiff avoids collateral attacks on convictions that are still outstanding. *Id*., at 484-85.

In this case, Colton concedes that his conviction has not been reversed, expunged, or declared invalid. A ruling in this case in his favor on any aspect of this claim, i.e. the unavailable transcript, the altered indictment, the inappropriate rulings by the state trial court, would necessarily call into question the validity of his present confinement. Thus, the Court cannot consider his claims at this time.

Furthermore, although he has not asked this court to release him from his current confinement, his claims to a certain extent sound in habeas corpus. However, this civil rights proceeding is not appropriate for pursuing that type of relief. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g en banc granted and opin. vacated*, 133 F.3d 940 (5th Cir. 1997), *rev'd in part on other grounds and opin. reinstated in relevant part*, 154 F.3d 186, 187 (5th Cir. 1998) (*en banc*); *Hernandez v. Spencer*, 780 F.2d 504, 504 (5th Cir. 1986). Colton conceded at the *Spears* Hearing that he has not exhausted available state court post conviction remedies on his request for a transcript or his challenges to his conviction and current confinement. As was discussed at the *Spears* Hearing, Colton must first pursue any such habeas corpus claims in a properly filed state post-conviction application or federal habeas corpus proceeding if appropriate.

Therefore, the Court must dismiss, with prejudice, Colton's § 1983 claims challenging the validity of his state court proceedings until such time as the *Heck* conditions are met. *See Johnson*

*v. McElveen*, 101 F.3d 423 (5th Cir. 1996) (dismissal with prejudice is appropriate since the right has not yet accrued). His claims are therefore frivolous and otherwise fail to state a claim for which relief can be granted.

In accordance with *Heck*, the Court must also consider as an initial matter any applicable doctrines of absolute immunity and improperly named defendants.

### B.     The State of Louisiana

Colton has named the State of Louisiana as a defendant in this case. He has not alleged the basis for the state's liability, except for the fact that he is now incarcerated in the Louisiana State Penitentiary, a state facility, after his conviction for distribution of heroin. His claims against the State are frivolous.

The Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). A state may expressly waive this Eleventh Amendment sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed unequivocally); *Welch v. Dep't of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, the State of Louisiana has not done so. To the contrary, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court."

Thus, Colton's claims against the State of Louisiana are frivolous, fail to state a claim for which relief can be granted, and are otherwise barred by the Eleventh Amendment and seek relief

against immune defendants and must be dismissed pursuant to Title 28 U.S.C. § 1915(e) and § 1915A.

  C. **<u>Claims Against the District Attorney's Office and Orleans Parish</u>**

Colton also alleges that his conviction was wrongfully obtained by means of an improperly amended indictment. He contends that the Orleans Parish District Attorney's Office, and thus Orleans Parish, should be held liable to him for violation of due process.

Although the law does not permit the plaintiff to file a claim against a District Attorney's Office, a claim may be brought against the district attorney in his official capacity. *See Riley v. Evangeline Parish Sheriff's Office,* 637 So.2d 395 (La. 1994) (treating a claim against a Sheriff's Office as actually one against the Sheriff in his official capacity). Because the federal courts generally follow state law on this issue, *see* Fed. R. Civ. P. 17(b); *Gegenheimer v. Galan,* 920 F.2d 307, 310 (5th Cir.1991), the district court can treat the claim as one seeking monetary damages against the Orleans Parish District Attorney in his official capacity as District Attorney for the Parish of Orleans.

The plaintiff's claims are, nevertheless, legally frivolous. Suit against a prosecutor named in his official capacity is suit against the entity he represents; in this case, that is the Parish of Orleans, which is also named as a defendant in this case. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466-67 (5th Cir. 1999);[3] *see also Kentucky v. Graham*, 473 U.S. 473 U.S. 159, 165 (1985). Therefore, the Orleans Parish District Attorney, as a representative of Orleans Parish, could be liable under § 1983 only if his actions were in execution of an unconstitutional parish policy or custom

---

[3] In *Burge*, the Fifth Circuit made clear that in Louisiana, a district attorney is not entitled to Eleventh Amendment Immunity afforded to the State. Instead, the district attorney is a functionary of the local parish government, whose liability is to be addressed under *Monell*. *Id.*

which inflicted injury or damage upon the plaintiff. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Colton therefore must allege not only that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury or damage. *See Collins v. City of Harker Heights*, 503 U.S. 115, 122-24 (1992); *Berry v. McLemore*, 670 F.2d 30, 33-34 (5th Cir. 1982), *overruled on other grounds, Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986).

Colton, however, has not alleged that the alleged errors in the prosecution of his case were the result of anything other than the actions of the individual assistant district attorney who prosecuted his case after his recapture in 1981 and 1982. Colton has, therefore, failed to allege that an unconstitutional policy or custom of Orleans Parish led to his injuries as contemplated by *Monell*. Colton's § 1983 claims against the District Attorney's Office and Orleans Parish are frivolous.

Furthermore, to the extent that Colton intended to name the individual prosecutor as a defendant liable to him as a result of his role in the prosecution, his claims are also frivolous. The Supreme Court has recognized that there are some officials whose duties require a full exemption from liability. Such officials include prosecutors in the performance of their official functions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Yaselli v. Goff*, 275 U.S. 503 (1927). In order to determine whether a government official is absolutely immune from suit, the proper focus should not be the identity of the party claiming the immunity, but rather, his "role in the context of the case." *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). In other words, immunity attaches to particular official functions, not to particular offices. *Forrester*, 484 U.S. at 229; *see also O'Neal v. Miss. Bd. of Nursery*, 113 F.3d 62 (5th Cir. 1997).

In the context of absolute prosecutorial immunity, immunity from suit extends only to those acts "intimately associated with the judicial phase of the criminal process" which includes the presentation of the State's case, evaluating evidence, and interviewing witnesses in preparation for trial. *Burns v. Reed*, 500 U.S. 478, 492 (1991). Also, among the traditional functions of a prosecutor is the duty to decide which charges to bring and whether to pursue a conviction in Court. *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997).

Colton's claims against the prosecutor are intimately associated with the judicial phase of the criminal process. His challenge is to the fact of, and the timing of, the prosecution itself. These defendants are clearly entitled to absolute immunity from suit for their actions. The claims against the individual, unidentified prosecutor, must be dismissed as frivolous and for seeking relief against an immune defendant pursuant to § 1915(e)(2) and § 1915A(b). Any challenges to the propriety of his conviction are also barred by *Heck* as discussed above.

### D.     Claim against Judge Andrew Bucaro

Although Judge Andrew Bucaro is not listed by the Clerk of Court as a defendant in this case, Colton clearly identified him as a defendant in his complaint and at the *Spears* Hearing. Colton alleges that Judge Bucaro violated due process, conspired to allow the prosecution to abuse the process and conceal an incident report showing his innocence, and allowed an uncertified court reporter, Dianne Mascari,[4] to record the his criminal proceedings. These claims are also frivolous.

Absolute judicial immunity is a time honored principle established to ensure the proper administration of justice by allowing a judicial officer to exercise his authority free from any apprehension as to any personal consequences she may face. *See Mireles v. Waco*, 502 U.S. 9, 10

---

[4]Colton attached a letter to his complaint from the Certified Shorthand Reporters Board of Examiners dated April 21, 1993, in which that office indicated that they had no records on Dianne Mascari.

(1991). Judges enjoy absolute judicial immunity for acts performed in judicial proceedings. *May v. Sudderth,* 97 F.3d 107, 110-11 (5th Cir. 1996). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.*, at 111 (*quoting Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (further citation omitted)). Furthermore, injunctive relief is not available against a state judge acting in his official capacity. *Guerin v. Higgins*, CIV.A.00-0244, 2001 WL 363486 (2d Cir. April 11, 2001); *Tesmer v. Granholm*, 114 F. Supp.2d 603, 618 (E.D. Mich. 2000); *Nollet v. Justices of the Trial Court of the Commonwealth of Massachusetts*, 83 F. Supp.2d 204, 210 (D. Mass. 2000).

Consequently, the doctrine of absolute judicial immunity bars Colton's suit for injunctive relief, i.e. production of the transcripts, and for monetary damages against Judge Bucaro. Any challenges to the propriety of his conviction are also barred by *Heck* as discussed above.

**IV.     Recommendation**

It is therefore **RECOMMENDED** that, pursuant to Michael Colton's complaint and oral request, the Clerk of Court be ordered to list Judge Andrew Bucaro and Court Reporter Dianne Mascari as defendants in this case and withhold issuance of summons to these defendants.

It is further **RECOMMENDED** that Colton's § 1983 claims against, the State of Louisiana, the Orleans Parish District Attorney's Office, Orleans Parish, and Judge Andrew Bucaro, be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim for which relief can be granted and/or for seeking monetary relief against a defendant who is immune from such relief pursuant to § 1915(e)(2) and § 1915A.

It is further **RECOMMENDED** that Colton's § 1983 claims against Dianne Mascari, be **DISMISSED WITH PREJUDICE** as frivolous until such time as the *Heck* conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this \_\_\_24th\_\_\_ day of _____May_____, 2006.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**